**Electronically Filed
Supreme Court
SCPW-17-0000591
20-FEB-2018
02:42 PM**

SCPW-17-0000591

IN THE SUPREME COURT OF THE STATE OF HAWAI‘I

———————————————————————————————————

ERIC RICHARD ELESON, Petitioner,

vs.

STATE OF HAWAI‘I, Respondent.

———————————————————————————————————

ORIGINAL PROCEEDING

ORDER
(By: Recktenwald, C.J., Nakayama, McKenna, Pollack, and Wilson, JJ.)

Upon review of petitioner Eric Richard Eleson's letter, filed February 12, 2018, the documents attached thereto and submitted in support thereof, and the record, it appears that: (1) on August 7, 2017, a "Verified Petition for a Writ in the Nature of Habeas Corpus" ("petition") was filed in this original proceeding; (2) by order entered on August 14, 2017, the petition was denied; (3) on August 29, 2017, an annotated copy of the August 14, 2017 order that was filed in this original proceeding and a cover page for a "Verified Petition for a Writ in the Nature of Habeas Corpus" were filed in this original proceeding; (4) on August 29, 2017, a "Verified Petition for a Writ in the Nature of Habeas Corpus," which was substantively identical to

the petition, with a few handwritten notations and minor variations, was also filed in this original proceeding; (5) petitioner contends that the August 29, 2017 filings should have been filed in the "Appellate Court" at 426 Queen Street, which is the address for the Intermediate Court of Appeals; and (6) the Intermediate Court of Appeals does not have original jurisdiction over habeas corpus petitions,[1] see HRS § 660-3 (2016) (the supreme court has original concurrent jurisdiction with the circuit court to issue writs of habeas corpus). Accordingly,

IT IS HEREBY ORDERED that, to the extent the August 29, 2017 submission is a second petition for a writ of habeas corpus, it is denied. This original proceeding is closed.

DATED: Honolulu, Hawaiʻi, February 20, 2018.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

/s/ Michael D. Wilson



---

[1] The circuit court in which the conviction took place is provided the authority to consider a petition for post-conviction relief under Rule 40 of the Hawaiʻi Rules of Penal Procedure.

2